IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ABISLAIMAN E HIJOS, CORP., | : | Case No. 03-13726 (GAC) |
| d/b/a Joyeria Riviera | : | |
| | : | |
| Debtor | : | CHAPTER 11 |
| _____ | : | |
| | : | |
| ABISLAIMAN E HIJOS, CORP., | : | |
| d/b/a Joyeria Riviera | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Adv. No. 03-00191 |
| | : | |
| DEPARTMENT OF THE TREASURY | : | |
| FOR THE COMMONWEALTH OF | : | |
| PUERTO RICO, et al, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**DECISION AND ORDER**

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Pending before the Court is a Motion requesting clarification of an Order and/or Reconsideration of Motion Denying Extension of Time to file Notice of Appeal (Docket #157) filed by the Department of the Treasury for the Commonwealth of Puerto Rico ("Hacienda"). On December 19, 2003, Abislaiman e Hijos, Corp. ("Abislaiman") filed the instant adversary proceeding alleging that Hacienda and various individuals employed by Hacienda, violated the automatic stay under 11 U.S.C. § 362(a); and seeking damages pursuant to 11 U.S.C. § 105(a) and turnover of property of the estate pursuant to 11 U.S.C. §§ 542(a), 543(a), 547(b) or 549 and 42 U.S.C § 1983

(Adv. No. 03-00191).

On May 31, 2004, Hacienda filed a motion to dismiss the complaint and/or motion for summary judgment (Docket #49). Abislaiman opposed the motion to dismiss (Docket #56). On July 5, 2005, the Court entered a Decision and Order denying Hacienda's motion to dismiss and/or motion for summary judgment (Docket #129).

On July 19, 2005, Hacienda filed a Notice of Appeal (Docket #134); a Statement of Election (Docket #135); and a Motion requesting an extension of time to file a motion for reconsideration (Docket #137).[1] On July 22, 2005, Abislaiman filed a Motion to Strike the Notice of Appeal and Statement of Election (Docket #138); and an Opposition to Hacienda's motion requesting an extension of time to file the motion for reconsideration (Docket #139).

Hacienda filed an Opposition to Abislaiman's Motion to Strike (Docket #140); Abislaiman filed a surreply to Abislaiman's Opposition (Docket #141); and Hacienda filed an Opposition to Abislaiman's surreply (Docket #148).

On August 18, 2005, the Court issued an order denying Hacienda's motion in opposition to Abislaiman's motion to quash the

---

[1]Hacienda later filed a motion requesting that the motion for extension of time to file the motion for reconsideration be deemed the motion for reconsideration (Docket #149). Abislaiman opposed Hacienda's motion arguing that irrespective of whether it is designated as a motion for extension of time or one for reconsideration, the motion is untimely and should have been filed within ten (10) days after the entry of judgment pursuant to Fed. R. Civ. P. 59(e) (Docket #150). Hacienda's motion (Docket #149) and Abislaiman's Opposition (Docket #150) are currently pending before the Court.

notice of appeal and also requesting an extension of time to file an appeal (Docket #140). Subsequently, Hacienda filed a Motion requesting that the Court clarify the extent of order and indicate whether it has granted or denied Abislaiman's motion to strike the Notice of Appeal. Furthermore, if the Court grants the motion to strike, Hacienda requests that the Court reconsider its ruling denying the extension of time to file the notice of appeal.

II. ARGUMENTS OF THE PARTIES

A. Abislaiman

In its motion to strike, Abislaiman argues that pursuant to Fed. R. Bankr. P. 8002(a), the notice of appeal was untimely, since it was not filed within ten (10) days of the entry of the Court's order. Moreover, the right to appeal was not preserved by the filing of a timely request to extend the time for filing an appeal, which must be filed before the time for filing a notice of appeal has expired; except upon a showing of excusable neglect if filed not later than twenty (20) days after the expiration of the time for filing a notice of appeal. Fed. R. Bankr. P. 8002(c)(2). Abislaiman further argues that there was no excusable neglect in the instant case.

In its opposition, Abislaiman argues that pursuant to Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59(e) applicable to bankruptcy cases, a motion to amend or alter the must be served within ten (10) days of the Court's order and the court is without

power to extend the deadline unless the motion is filed before the ten day period expires.

      B.   <u>Hacienda</u>

Hacienda admits that it erred in computing the time period to file a notice of appeal.  Specifically, Hacienda avers that instead of using the Fed. R. Bankr. P. 9006(a),[2] it used Rule 6 of the Federal Rules of Civil Procedure.[3]  Therefore, the notice of appeal was filed after the expiration of the time period allowed under the Federal Rules of Bankruptcy Procedure.  Hacienda argues that the Court should allow this brief extension of time, upon a showing of excusable neglect since it was filed no later than twenty (20) days after said expiration.  Moreover, the prejudice to Hacienda - foregoing a revision of the denial of its Qualified Immunity request - would be greater than any prejudice Abislaiman would suffer by the granting of an extension of time.

III. <u>DISCUSSION</u>

A.   <u>Notice of Appeal under Fed. R. Bankr. P. 8002</u>

Pursuant to Fed. R. Bankr. P. 8002(c)(2), a request to extend time for filing a notice of appeal must be filed before the time for filing such a notice of appeal has expired, "except that such

---

[2]Rule 9006(a) provides in relevant part that "[w]hen the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Bankr. P. 9006(a).

[3]Rule 6 provides in relevant part that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6.

a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2). In the instant case, it is uncontested that Hacienda's request for an extension of time to file its notice of appeal, was not filed within the ten (10) period allowed to file a notice of appeal. Therefore, in order for this Court to grant an extension of time to file a notice of appeal, the Court must find that Hacienda's failure to request an extension within the ten-day limit provided in Rule 8002(c)(2), resulted from excusable neglect.

In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, the Supreme Court established a test to determine what sorts of neglect could be considered "excusable," and stated that such a decision was an equitable one, taking into consideration certain relevant factors, including: (1) the length of the delay and its impact on judicial proceedings; (2) the reason for the delay; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the debtor. (emphasis added) Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 1491 (1993).

The Court finds that Hacienda's failure to file a timely notice of appeal does not amount to excusable neglect. Although there is no finding of bad faith and its motion requesting an extension of time was filed without undue delay; the Court finds on

5

balance that the reason for the delay and Hacienda's failure to show that it would be prejudiced by the denial of the requested relief, weighs heavily against it. First, the only reason espoused by Hacienda for its failure to file a timely notice of appeal, is that it mistakenly used Rule 6 of the Federal Rules of Civil Procedure, instead of Fed. R. Bankr. P. 9006(a).

The Supreme Court in Pioneer, addressed this issue and indicated that "inadvertence, ignorance of the rules or a mistake in construing the rules does not usually constitute 'excusable neglect'." (emphasis in original) Pioneer, 507 U.S. at 390-92, 113 S. Ct. at 1496. Similarly, the Court in In re Food Barn Stores, held that counsel's mistake in calculating time for appeal under the federal rules of civil Procedure, did not demonstrate excusable neglect. In re Food Barn Stores, Inc. 214 B.R 197, 200 (B.A.P. 8th Cir. 1997). The Panel also provided a history of cases, prior to and after Pioneer, that have held that ignorance or misreading of the law, particularly in the application of Rule 8002(c), does not constitute excusable neglect. Id. at 200. Citing Silver Oak Homes Ltd., 169 B.R. 349 (D. Md. 1994); In re Callahan,211 B.R 131 (N.D. N.Y 1997); In re Pyramid Energy Ltd., 165 B.R. 249 (Bankr. S.D. Ill. 1994; In re Auto Specialties Mfg. Co., 133 B.R. 384, 391-92 (Bankr. W.D. Mi. 1991); In re Pernie Bailey Drilling Co., 111 B.R 561 (Bankr. W.D. La. 1989); In re Fisher, 65 B.R. 261 (Bankr. N.D. Ga. 1986); In re Metro Paper Co., 18 B.R. 831 (Bankr. D. D.C.

6

1982)).

The First Circuit has also held that the mistake or carelessness of a litigant or its counsel does not amount to excusable neglect. See In re Power Recovery Systems, Inc. 950 F.2d 798 (1st Cir. 1991) (where the Court affirmed the bankruptcy court's decision and found that counsel's failure to notice the time bar due to his preoccupation with settlement negotiations did not amount to excusable neglect); See also In re Shepherds Hill Development Co., LLC, 316 B.R. 406 (B.A.P. 1st Cir. 2004)(where the Panel affirmed the bankruptcy court's decision and found that an attorney's mistaken belief that the adversary proceeding was stayed, did not amount to excusable neglect under Rule 60(b)).

Moreover, similar to the case of In re Food Barn Stores, this Court finds that the delay was solely within the control of creditor's counsel; and it was counsel's responsibility to locate the relevant rule regarding the time to file an appeal from a bankruptcy Court's order, and from the rule to ascertain the correct date for filing a Notice of Appeal. See In re Food Barn Stores, 214 B.R. at 201.

Second, Hacienda has also failed to show that it would be prejudiced by the denial of the relief requested. Hacienda essentially seeks to appeal an interlocutory order - the Court's order denying its motion to dismiss and/or motion for summary judgment. Hacienda is not foreclosed from appealing the final

7

judgment of the instant adversary case.  On the other hand, the bankruptcy estate will be prejudiced by further delays of the resolution of the instant adversary case on the merits.

B.    Motion for Reconsideration under Fed. R. Civ. P. 59(e)

Motions for reconsideration under Fed. R. Civ. P. 59(e), made applicable in bankruptcy cases by Fed. R. Bankr. P. 9023, are entertained by courts if they seek to correct manifest errors of law or fact; present newly discovered evidence; or when there is an intervening change in the law.  Standard Quimica De Venezuela v. Central Hispano Intern., Inc., 189 F.R.D. 202 (D. P.R. 1999) (citing Jorge Surillo & Co. v. Falconer Glass Industries, 37 F.3d 25, 29 (1st Cir. 1994); F.D.I.  Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D. P.R. 1998).  Motions for reconsideration must demonstrate why the court should reconsider its prior decision, and must set forth facts or law of strongly convincing nature to induce the court to reverse its decision.  In Re Pabon Rodriguez, 233 B.R. 212, 219 (Bankr. D. P.R. 1999).  A motion for reconsideration may not be used to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."  National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999).

In the present case, Hacienda has not met its burden of proof under Fed. R. Bankr. P. 9023, and has simply repeated the same arguments previously made. In addition, it has not alleged that there were any manifest errors of law or fact; it did not present any newly discovered evidence; and it has not presented any intervening changes in the law which would affect the decision made by the Court. Therefore, Hacienda's motion for reconsideration is denied.

IV. <u>CONCLUSION</u>

In balancing the equities of this case, the Court finds that although there is no finding of bad faith and Hacienda's motion requesting an extension of time was filed without undue delay; Hacienda's reason for the delay and its failure to show that it would be prejudiced by the denial of the requested relief, weighs heavily against it. Therefore, the Court finds in favor of Abislaiman and grants its Motion to Strike the Notice of Appeal and Statement of Election. Moreover, the Court denies Hacienda's Motion for Reconsideration.

**<u>ORDER</u>**

WHEREFORE IT IS ORDERED that the Motion to Strike the Notice of Appeal and Statement of Election (Docket #138), shall be, and hereby is GRANTED.

IT IS FURTHER ORDERED that the Motion requesting reconsideration of the Court's order denying an extension of time to file a notice of appeal (Docket #157), shall be, and hereby is DENIED.

SO ORDERED.

San Juan, Puerto Rico, this  3rd  day of October, 2005.

/s/ Gerardo A. Carlo
Gerardo A. Carlo
U.S. Bankruptcy Judge