IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ABISLAIMAN E HIJOS, CORP., | : | Case No. 03-13726 (GAC) |
| d/b/a Joyeria Rivera, | : | |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| ABISLAIMAN E HIJOS, CORP., | : | |
| d/b/a Joyeria Rivera, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 03-00191 |
| | : | |
| DEPARTMENT OF THE TREASURY FOR | : | |
| THE COMMONWEALTH OF PUERTO RICO, | : | |
| et al, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

## DECISION AND ORDER

The debtor/plaintiff, Abislaiman e Hijos, Corp. d/b/a Joyeria Riviera ("Abislaiman") filed this adversary proceeding alleging that the defendants, the Puerto Rico Department of the Treasury ("Hacienda") and various individuals employed by Hacienda, violated the automatic stay of 11 U.S.C. § 362(a) by executing an attachment of its jewelry and watches inventory. Abislaiman seeks damages pursuant to 11 U.S.C. § 105(a) and turnover of property of the estate pursuant to 11 U.S.C. §§ 542(a), 543(a), 547(b) or 549 and 42 U.S.C. § 1983.

Hacienda previously filed a motion to dismiss the complaint

and/or motion for summary judgment, alleging that the attachment was executed prepetition and therefore the attachment did not violate the automatic stay (dkt. #49).  Hacienda also contended that the attachment was not a preference since Abislaiman was not insolvent when the attachment was perfected.  Finally, Hacienda argued that it was entitled to sovereign immunity and that the individual employees were entitled to qualified immunity.

The Court issued a Decision and Order concluding that Hacienda was not entitled to sovereign immunity.  The Court also concluded that from the evidence presented, the Court was unable to determine the reasonableness of Hacienda's Jeopardy Assessment.  Likewise, the Court could not determine whether the individual defendants were entitled to qualified immunity.  The Court indicated that if the Jeopardy Assessment was properly issued, the attachments were perfected prepetition and that they did not violate the automatic stay.  Likewise, the Court concluded that there is a genuine issue of material fact as to Abislaiman's solvency and thus the Court was unable to determine whether the attachments constituted a preference.

Hacienda filed an untimely notice of appeal of the Court's interlocutory order, which was subsequently dismissed by the district court on jurisdictional grounds.  The parties concluded discovery and Hacienda filed a motion for summary judgment in which it seeks dismissal of the complaint (dkt. #176), which Abislaiman

opposed (dkt. #188).   Hacienda contends that the Jeopardy Assessment determination is final under Puerto Rico law.  Moreover, Hacienda argues that its determination to issue the Jeopardy Assessment is outside the scope of this Court's jurisdiction, since reliance on case law interpreting the Federal Internal Revenue Code, as well as the Code itself, does not contemplate a bankruptcy court adjudicating issues as to the reasonableness of a jeopardy assessment.  Finally, Hacienda argues that even if this Court could make a determination as to the reasonableness of a jeopardy assessment, it would have to be done pursuant to the provisions of the Puerto Rico Internal Revenue Code and not the U.S. Tax Code.

Abislaiman argues that the Court has core jurisdiction over this matter as it involves both objections to claim procedure, which was consolidated with the adversary proceeding from the legal case, and determination of tax liability, as well a violation of the automatic stay and turnover of estate property.  Abislaiman contends that Hacienda's issuance of the Jeopardy Assessment can be assailed to determine its reasonableness and that its reasonableness can be decided by considering federal standards.

The uncontested facts included in the joint pre-trial report (dkt. #164) are that Abislaiman presently operates two fine jewelry and watch stores in Puerto Rico; one in Old San Juan and one in Fajardo.  Abislaiman operated and closed a third store during the year 2003.  Abislaiman was the object of an investigation by

3

Hacienda during the year 2003 for failure to file excise and jewelry sales tax returns for the years 2000-2002.  Abislaiman voluntarily did not file excise and jewelry sales tax returns for the years 2000-2003.

On October 21, 2003, Hacienda issued a Notice of Jeopardy Assessment to Abislaiman, which provided a ten day period to present a bond, covering the amount of the debt plus interest to suspend the collection of the assessed amount.  Abislaiman did not present the bond.  On the same date as the issuance of the Notice of Jeopardy Assessment, Hacienda issued a Preliminary Notice of Tax Deficiency to Abislaiman, which provided a thirty day period to request reconsideration and an administrative hearing to repeal the deficiencies.  Thereafter, on December 4, 2003, Treasury issued a Final Notice of Tax Deficiency for excise taxes allegedly due for 2000-2002, totaling $1,438,738.71.  This notice granted thirty days to challenge the determination by filing a complaint before the Court of First Instance of Puerto Rico, subject to the posting a $1,582,600.00 bond for the deficiency.  Prior to the expiration of this thirty day period, on December 18, 2003, Hacienda issued and defendants obtained a Notice of Levy, i.e. an ex-parte order of attachment of Abislaiman's inventory.

On December 18, 2003, at approximately 11:00 a.m., defendants proceeded to Abislaiman's two jewelry stores and took actions to attach its jewelry and watches inventory.  On the same date, at

3:41 p.m., Abislaiman filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.  At the time of the filing of the petition, the defendants were in the process of cataloging the inventory in the showcases and vaults of Abislaiman's stores and continued after being advised of the Chapter 11 petition. Abislaiman filed an urgent motion with the bankruptcy court at 4:32 p.m. on December 18, 2003 and the Court held a telephone conference at 5:00 p.m., at which time the Court ruled that Hacienda could continue the inventories at both jewelry stores and the Court ordered that all items be kept in a sealed vault.

On December 19, 2003, at approximately 9:30 a.m., Abislaiman attempted to open the store in Old San Juan and was precluded from doing so by a contingent of police officers summoned to the store by the private guard in place, pursuant to instructions from Hacienda.  After a telephone hearing, the Court entered an order allowing Abislaiman to operate, but requiring it to provide adequate assurance to Hacienda in the form of $500,000.00 cost value in jewelry pieces.  Abislaiman reopened its San Juan store at approximately 12:00 p.m. and resumed operation of the Fajardo store on December 21, 2004 and has continued to operate both stores as a debtor-in-possession.

### Jurisdiction

The crux of Abislaiman's complaint is that Hacienda violated the automatic stay by attaching its property and that it is

entitled to turnover of the attached property. Proceedings related to turnover of property of the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(e), as are proceedings to determine the validity of a lien pursuant to 28 U.S.C. § 157(b)(2)(K). Abislaiman also seeks recovery of the property as a preferential transfer pursuant to 11 U.S.C. § 547(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Moreover, the determination of Abislaiman's objection to Hacienda's claim pursuant to 11 U.S.C. § 502(a) and the determination of Abislaiman's tax liability pursuant to 11 U.S.C. § 505 are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B). Pursuant to 11 U.S.C. § 505, with certain exceptions not present here, the bankruptcy court has the authority to determine the amount or legality of any tax. The Court concludes that it has jurisdiction over this adversary proceeding.

Standard for Summary Judgment

Hacienda is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). Summary judgment cannot be granted if there are issues of material fact. A material issue is one that affects the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).

The Court should draw all reasonable inferences from the facts in the manner most favorable to the nonmovant.  Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994).  Conclusory allegations, improbable inferences and unsupported speculation do not suffice to support a motion for summary judgment.  Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005).  Moreover, "summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record."  In re Varrasso, 37 F.3d at 763.

### Jeopardy Assessment

The Laws of Puerto Rico provide that "[i]f the Secretary [of Hacienda] believes that the assessment or collection of a deficiency will be jeopardized by delay he shall immediately assess such deficiency . . ."  13 L.P.R.A. § 8023(a).  In its previous motion to dismiss, Hacienda had claimed that it made the Jeopardy Assessment because Abislaiman failed to file tax returns, pay excise taxes, as well as produce the licenses and bond required as a withholding agent.  Abislaiman argued that the Jeopardy Assessment was issued in an unreasonable, arbitrary and capricious manner.  The Court concluded that, based on the evidence before it, it was unable to determine the reasonableness of Hacienda's Jeopardy Assessment.

In its renewed attempt to obtain summary judgment, Hacienda makes various new allegations which are not supported by the uncontested facts. Hacienda indicates that Abislaiman closed the Westin Rio Mar store after operating without a license. Hacienda also alleges that no information was provided regarding the destination of the inventory located at the store nor the reasons for the closing; there were inadequate inventory records of the three stores and; Abislaiman was not recording all purchases and sales transactions. Coupled with the failure to file returns and alleged statements by Mr. Abislaiman and his employees and Mr. Abislaiman's alleged constant trips to Florida, Hacienda's contends that its auditors understood that Abislaiman was possibly moving the inventory to a jewelry store in Florida. The only uncontested facts of these allegations are that Abislaiman closed the third store and failed to file tax returns.

Hacienda raises other matters not included in the statement of uncontested facts. Hacienda indicates that Mr. Abislaiman refused to sign the audit reports, that Abislaiman charged sales tax and did not remit it and other times did not charge sales tax and that there appeared to be a scheme by Abislaiman to transfer merchandise from and to other jewelry stores in Florida to place property beyond the reach of Hacienda and/or conceal it, transfer it to other people or dissipate it. Again none of these allegations are included within the uncontested facts nor supported by any evidence

before the Court.

Hacienda contends that Abislaiman should not be allowed to challenge the Jeopardy Assessment because it failed to follow the procedures established by local law to challenge the assessment, failed to request reconsideration and an administrative hearing or file a complaint with the local court during the thirty day period, commencing on December 4, 2003.

The Jeopardy Assessment was issued on the same date as the Preliminary Notice of Tax Deficiency. The Final Notice of Tax Deficiency was issued on December 4, 2003, granting Abislaiman thirty days to challenge the determination by filing a complaint and a bond for the deficiency in the amount of $1,582,600.00. Prior to the expiration of this thirty day period, on December 18, 2003, Hacienda levied on Abislaiman's inventory and Abislaiman filed for bankruptcy relief and filed the instant complaint contesting the manner in which the Jeopardy Assessment was issued. The Court concludes that although Abislaiman did not file the complaint in local court, Abislaiman did challenge Hacienda's Jeopardy Assessment through the filing of this complaint.

Abislaiman cites to federal standards regarding the issuance of jeopardy assessments and the Court previously determined that federal standards could be used as a guide to determining the reasonableness of the Jeopardy Assessment. As argued by Abislaiman, applying federal standards and precedents to the Puerto

Rico Internal Revenue Code is consistent with the legislature's intent in promulgating it.

> The Puerto Rico Internal Revenue Code of 1994, as amended (the "PR-IRC"), is based on the United States Internal Revenue Code (the "Code"). Accordingly, the Puerto Rico income tax structure and concepts are similar to the tax structure and concepts of the Code and the United States court decisions and the rulings issued by the United States Internal Revenue Service on equivalent provisions of the Code are very persuasive to the Puerto Rico Treasury Department and local courts.

1 CCH P.R. Tax Rep. ¶ 103 (2005). Accordingly, the Court will use federal standards to consider the reasonableness of the Jeopardy Assessment.

This Court previously made reference to Varjabedian v. U.S., 339 F.Supp.2d 140 (D.Mass. 2004), in concluding that Hacienda bears the burden of proving the reasonableness of the Jeopardy Assessment and affirms that conclusion here. Courts have held that a jeopardy assessment is reasonable "so long as the decision to impose it falls between 'something more than "not arbitrary and capricious" and something less than "supported by substantial evidence."'" Olbres v. I.R.S., 837 F.Supp. 20, 21 (D.N.H. 1993). See also Varjabedian v. U.S., 339 F.Supp.2d at 144. The court in Olbres stated that:

> A jeopardy assessment is appropriate if:
>
> 1) the taxpayer is or appears to be designing quickly to depart from the United States to conceal himself;
> 2) the taxpayer is or appears to be designing quickly to place his property beyond the reach of the government by removing it from the United States, or by concealing it, or by transferring it to another person, or by

10

> dissipating it; or
> 3) the taxpayer's financial solvency appears to be imperiled.

Olbres v. I.R.S., 837 F.Supp. at 21.

Hacienda did not previously allege that the principal of Abislaiman was designing to depart Puerto Rico nor that he was designing to place the business property beyond the reach of Hacienda. Also, regarding the issue of preference, Hacienda previously argued that Abislaiman is solvent. Hacienda now argues that Abislaiman's principal appeared to be scheming to place property beyond Hacienda's reach by removing it from Puerto Rico, or by concealing it, transferring it to another person, or by dissipating it, but the uncontested facts do not support that assertion. Again, the Court concludes that from the uncontested facts presented, there is insufficient information from which to determine whether the issuance of the Jeopardy Assessment was reasonable.

### Conclusion

From the evidence presented, the Court is unable to determine the reasonableness of Hacienda's Jeopardy Assessment and thus whether Hacienda violated the automatic stay and whether Abislaiman is entitled to turnover of the property. The Court will schedule an evidentiary hearing to determine the reasonableness of the Jeopardy Assessment. If the Court ultimately concludes that the Jeopardy Assessment was properly issued, all other matters in this

adversary proceeding will be resolved, except for the objection to claim, which will be scheduled separately. Accordingly, Hacienda's motion for summary judgment will be denied.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the motion for summary judgment filed by the Department of Treasury for the Commonwealth of Puerto Rico and the individual defendants (dkt. #176), shall be, and it hereby is, DENIED.

An evidentiary hearing is scheduled for June 20, 2007 at 9:30 a.m in the United States Bankruptcy Court, 300 Recinto Sur, Courtroom 3, Old San Juan, PR.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of May, 2007.

S/Gerardo A. Carlo

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge